Lantsman Acupuncture, P.C. v MVAIC (2022 NY Slip Op 50568(U))

[*1]

Lantsman Acupuncture, P.C. v MVAIC

2022 NY Slip Op 50568(U) [75 Misc 3d 137(A)]

Decided on June 10, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 10, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2019-1765 K C

Lantsman Acupuncture, P.C., as Assignee
of Steven Niranjan, Respondent, 
against
MVAIC, Appellant. 

Marshall & Marshall, PLLC (Alexis Levine of counsel), for appellant.
Gary Tsirelman, P.C. (Douglas Mace of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Rosemarie
Montalbano, J.), entered September 17, 2019. The order denied defendant's motion for summary
judgment dismissing the complaint.

ORDERED that the order is reversed, with $30 costs, and defendant's motion for summary
judgment dismissing the complaint is granted.
In this action by a provider to recover assigned first-party no-fault benefits, defendant Motor
Vehicle Accident Indemnification Corporation (sued herein as MVAIC) appeals from an order of
the Civil Court denying MVAIC's motion for summary judgment dismissing the complaint.
"The filing of a timely affidavit providing the MVAIC with notice of intention to file a claim
is a condition precedent to the right to apply for payment from [MVAIC]. Compliance with the
statutory requirement of timely filing a notice of claim must be established in order to
demonstrate that the claimant is a covered person, within the meaning of the statute, entitled to
recover no-fault benefits from the MVAIC" (Avicenna Med. Arts, P.L.L.C. v MVAIC, 53 Misc 3d 142[A], 2016
NY Slip Op 51535[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016] [internal
quotation marks and citations omitted]; see Insurance Law §§ 5208 [a] [1], [3];
5221 [b] [2]). MVAIC established that it had not received such an affidavit. In opposition,
plaintiff did not establish that such an affidavit had been submitted to MVAIC.
Accordingly, the order is reversed and defendant's motion for summary judgment dismissing
the complaint is granted.
ALIOTTA, P.J., TOUSSAINT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief ClerkDecision Date: June 10, 2022